IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA     )
             )
v.                     )    Criminal No. 3:19CR160–HEH
             )
SHEHZADKHAN KHANDAKHAN     )
PATHAN,               )
             )
    Petitioner.         )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Shehzadkhan Khandakhan Pathan, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 285).[1] Pathan contends that he received ineffective assistance of counsel[2] in the following ways:

Claim One    Counsel rendered ineffective assistance by "fail[ing] to investigate and present readily available evidence that could have shown [Pathan] was not a leader nor organizer in the conspiracy." (ECF No. 285, at 7.)

Claim Two    Counsel rendered ineffective assistance by "fail[ing] to investigate and present readily available evidence that could have shown [Pathan] did not communicate with any victim during his participation in the conspiracy." (*Id.* at 12.)

Claim Three    Counsel rendered ineffective assistance by "fail[ing] to investigate and present readily available evidence that could

---

[1] The Court corrects the spelling, capitalization, and punctuation in the quotations from Pathan's submissions. The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

have shown [Pathan] did not manufacture nor issue fake IDs." (*Id.* at 15.)

Claim Four     Counsel rendered ineffective assistance by "allowing [Pathan to] plead guilty of aggravated identity theft when [Pathan] did not engage in conduct that violated the statute." (*Id.* at 17.)

The Government responded, asserting that the § 2255 Motion is barred by the statute of limitations and that Pathan's claims lack merit. (ECF No. 289.) Pathan filed a Reply. (ECF No. 293.) For the reasons set forth below, Pathan's § 2255 Motion (ECF No. 285) will be denied as untimely.

## I. PROCEDURAL HISTORY

### A.     Criminal Complaint, Indictments, Guilty Plea, and Sentencing

On December 9, 2019, an FBI Special Agent filed a Criminal Complaint, accusing Pathan of (1) mail fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 1341 and 2; (2) conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349; and, (3) aggravated identity theft, and aiding and abetting, in violation of 18 U.S.C. §§ 1028A and 2. (ECF No. 1.) On January 8, 2020, a grand jury returned a Superseding Indictment, charging Pathan with the same offenses identified in the Criminal Complaint. (ECF No. 26, at 1–7.) On June 17, 2020, the grand jury returned a Second Superseding Indictment charging Pathan with: (1) conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349 (Count One); (2) mail fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 1341 and 2 (Counts Two, Three, and Four); (3) wire fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Five and Six); and,

(4) aggravated identity theft, and aiding and abetting, in violation of 18 U.S.C. § 1028A(a)(1) and 2 (Counts Seven, Eight, and Nine). (ECF No. 41, at 1–15.)

On January 15, 2021, Pathan appeared before the Court, represented by Attorney Gregory Sheldon, to enter a guilty plea consistent with a Plea Agreement he had reached with the Government. (ECF No. 128; *see* ECF No. 129.) Pursuant to the Plea Agreement, Pathan pled guilty to Counts One and Seven of the Second Superseding Indictment. (ECF No. 129, at 1.) After a thorough colloquy, the Court accepted Pathan's guilty plea. (*See* ECF No. 243, at 22–25.)

On September 16, 2021, the Court held a sentencing hearing, at which it overruled several of Pathan's attorney's objections to the Presentence Investigation Report and denied his Motion for a Downward Variance. (*See* ECF No. 239, at 61–69, 83–87; ECF No. 206.) The Court imposed a sentence of 240 months of incarceration as to Count One and twenty-four months of incarceration as to Count Seven, with the terms to run consecutively. (ECF No. 213, at 2; *see* ECF No. 239, at 91–92.)

**B.      Appeal, Dismissal of Appeal, and Filing of the § 2255 Motion**

On September 21, 2021, Attorney Gregory Sheldon filed a timely notice of appeal on Pathan's behalf. (ECF No. 221.) On September 26, 2021, Mr. Sheldon filed a motion to withdraw as counsel (ECF No. 227), which the Court granted the following day (ECF No. 228). On October 5, 2021, the United States Court of Appeals for the Fourth Circuit appointed Attorney Scott Putney as appellate counsel for Pathan. (ECF No. 231.) On November 29, 2021, the Fourth Circuit granted Pathan's motion for voluntary dismissal

of his appeal. (ECF No. 240.) Pathan filed his § 2255 Motion on November 12, 2024. (ECF No. 285, at 1.)[3]

## II. STATUTE OF LIMITATIONS

### A.  28 U.S.C. § 2255(f)(1)

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. 28 U.S.C. § 2255(f). Pathan voluntarily dismissed his appeal on November 29, 2021. (*See* ECF No. 240.) Assuming this was the date on which his conviction became final, Pathan had one year from that date, or until November 29, 2022, to move for relief under § 2255. *See United States v. Arevalo*, 408 F.3d 1233, 1236 (9th Cir. 2005) (stating that "once an appeal is voluntarily dismissed, appellate courts no longer have jurisdiction over the merits of the appeal"). At the very latest, Pathan's conviction became final after the ninety-day window to file a petition for writ of certiorari expired on Monday, February 28, 2022, meaning the federal limitation period expired, at the latest, on Tuesday, February 28, 2023. *See Latham v. United States*, 527 F.3d 651, 653 (7th Cir. 2008) (holding that § 2255 movant was entitled to a ninety-day window to petition for certiorari after dismissing his appeal). Even offering Pathan the benefit of this more lenient calculation of time, though, the Court finds that the § 2255

---

[3] This is the date listed on both the first page of the § 2255 Motion (ECF No. 285, at 1) and the affidavit submitted alongside the § 2255 Motion (ECF No. 285-1, at 4). The Court credits this date as the § 2255 Motion's date of filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Motion—filed as it was on November 12, 2024—is roughly one year and eight months late.

Accordingly, the statute of limitations bars the § 2255 Motion unless Pathan demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4), equitable tolling, or actual innocence. Neither Pathan nor the record suggest that belated commencement is appropriate in this action. Pathan does, however, suggest that he is entitled to equitable tolling and that he is actually innocent with respect to the calculation of his sentence. (ECF No. 258, at 19–20.) As explained below, the Court disagrees.

### B. Equitable Tolling

"[A] petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege with specificity the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (emphasis added).

Pathan asserts that the Court should consider his § 2255 Petition timely because he diligently pursued his rights by "wr[iting] various letters to his trial counsel requesting a copy of his case file and [to find out] what options he had with regard to post-conviction

5

proceedings." (ECF No. 285, at 20.) As to the circumstances standing in his way of filing, Pathan claims that he was "in a continued 23-hours lockdown" from at least December 23, 2021, until "March of 2023 when he arrived at FCI Lompoc II." (ECF No. 285, at 19–20.)

These are insufficient bases for a finding of equitable tolling. First, Pathan fails to allege specific facts about the nature of his lockdown and how it actually prevented him from filing his § 2255 Motion before the expiration of the limitation period on February 28, 2023. Moreover, Pathan concedes that this lockdown ended in March of 2023 when he was transferred to a different facility. The lockdown Pathan refers to therefore cannot explain his failure to file the § 2255 Motion for another year and eight months following his transfer. Instead, in stating that he was locked down, Pathan has merely described a routine aspect of prison life—like "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents"—and such routine conditions "do not qualify as extraordinary circumstances" for purposes of the equitable tolling analysis. *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)).

Nor does the lack of counsel or ignorance of the law amount to an extraordinary circumstance. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Consequently, Pathan's statement that his trial counsel did not inform him of his right to file a § 2255 Motion (*see* ECF No. 285-1 ¶ 13) is of no consequence.[4]

Pathan also fails to demonstrate that he pursued his rights diligently in the many months after his conviction became final on February 28, 2022. *Yang*, 525 F.3d at 928 (quoting *Brown*, 512 F.3d at 1307); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))). Although he claims to have written "various letters to his trial counsel" (ECF No. 285, at 20), he does not explain when or how many times he did so and fails to identify any other action that he took to advance his rights between February 2022 and February 2023. Besides writing to his attorney, Pathan appears to have done exactly nothing during this time. Accordingly, he fails to show that he is entitled to equitable tolling.

## C.     Actual Innocence

Pathan also suggests that he was "actually innocent of the roles enhancements applied to him and the Aggravated Identity Theft conviction" and that his claims should therefore not be deemed barred by the statute of limitations. (ECF No. 285, at 20.) True, in the abstract, "actual innocence, if proved, serves as a gateway through which a

---

[4] This is particularly so given the fact that the Fourth Circuit assigned appellate counsel to Pathan. Pathan does not claim that his appellate attorney failed to communicate with him, nor could he given the fact that Pathan signed at least one document—his Motion for Voluntary Dismissal of his appeal—the appellate attorney prepared for him. *See* Motion, *United States v. Pathan*, No. 21-4514 (4th Cir. Nov. 28, 2021), Dkt. 11.

petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations," *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), but this doctrine does not entitle Pathan to relief in this case.

First, Pathan is merely contesting the application of sentencing enhancements rather than asserting that he is actually innocent of the underlying crime, and assertions of actual innocence "do[ ] not apply to habeas claims based on actual innocence of a sentence." *United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014). Consequently, Pathan's claim that he is actually innocent of conduct supportive of the "roles enhancements" he received at sentencing (*see* ECF No. 285, at 20), fails to provide a basis for avoiding the limitation period. *See Clayton v. United States*, Nos. 1:12–cv–109–MR, 1:07–cr–101–MR, 2013 WL 3381373, at *3 (W.D.N.C. July 8, 2013) ("Petitioner admitted his guilt. He merely claims that his sentence was calculated incorrectly. *McQuiggin* has no applicability to this situation.").

But even to the extent Pathan is asserting actual innocence as to his underlying conviction rather than as to his sentence, he has failed to make a sufficient showing to excuse the untimeliness of his claims. A gateway actual innocence claim requires a petitioner to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Here, Pathan's assertion of actual innocence is not coupled with any new reliable evidence of his actual innocence. His bare assertion of innocence is insufficient to

8

excuse the untimeliness of his claims. *See Lowe v. Zook*, No. 3:15CV631, 2016 WL 3912035, at *4 (E.D. Va. July 19, 2016) (citing *Hill*, 2010 WL 5476755, at *5).

Because he has not shown any entitlement to a belated commencement, equitable tolling, or actual innocence, the Court concludes that the statute of limitations bars the § 2255 Motion from review.

### III.   CONCLUSION

For the foregoing reasons, Pathan's § 2255 Motion (ECF No. 285) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/

Henry E. Hudson
Senior United States District Judge

Date: May 4, 2026
Richmond, Virginia

9